UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DEONTE JEFFERSON, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 04-2164 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION
PURSUANT TO 28 U.S.C. § 2255**

The United States of America, by its attorneys, Jan Paul Miller, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its response to the petitioner's motion pursuant to 28 U.S.C. § 2255.  The government states the following:

1.  The petitioner was charged in an indictment with distribution of 5 or more grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B).  The petitioner thereafter pleaded guilty to the charge in the indictment.

2.  On August 25, 2003, this Court sentenced the petitioner to 262 months imprisonment.  At sentencing, the government recalls that it may have advised the Court that the petitioner agreed to cooperate with the government but that such cooperation was not considered at that time to be of substantial assistance as to warrant a downward departure under U.S.S.G. § 5K1.1 and that no such motion would be made.  The government further recalls that it may have advised the Court that it may consider

whether a downward departure was warranted under Fed.R.Crim. 35 in the future. At no time, however, did the government represent to the petitioner, his counsel, or the Court that it promised the petitioner that the government would make a downward departure motion.

    3.    The petitioner did not pursue a direct appeal.

    4.    The petitioner has now filed a motion under 28 U.S.C. § 2255, claiming that the government promised the petitioner a downward departure.

## ARGUMENT

    5.    A § 2255 motion to vacate, set aside or correct a sentence may be brought by a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. It is well settled, however, that a § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal." Daniels v. United States, 26 F.3d 706, 711 (7th Cir. 1994). As a result, constitutional errors not raised on direct appeal may not be advanced in a § 2255 motion unless the defendant can establish that there is cause for the failure and actual prejudice therefrom or that the district court's refusal to consider the claims would result in a fundamental miscarriage of justice. McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996).

    6.    "An evidentiary hearing on a § 2255 motion is not mandatory." Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996); see Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995). An evidentiary hearing may be denied if "the record conclusively

demonstrates that the defendant is entitled to no relief." Prewitt, 83 F.3d at 820. "[I]t is the rule of [this circuit, however,] that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner ha[s] actual proof of the allegations going beyond mere unsupported assertions." Prewitt, 83 F.3d at 819 (emphasis added). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." Id. "A petition under [§] 2255 must set forth facts as distinguished from mere conclusion." United States v. Mathison, 256 F.2d 803, 805 (7th Cir. 1958). "A petitioner's allegation supported only by his own assertions [is] not sufficient." Id.; see also Humphrey v. United States, 896 F.2d 1066, 1070 (7th Cir. 1990) ("mere unsupported allegations do not warrant a hearing."); United States v. Lowe, 367 F.2d 44, 45-46 (7th Cir. 1966) (§ 2255 petition found deficient because it "does not show that [petitioner] has proof sufficient . . .").

7.  In this case, the petitioner alleges that the government promised him a downward departure. The petitioner alleges that his attorney informed him of such a promise, although the petitioner provides no affidavit from his attorney or actual proof of such fact, and further alleges that the government made such a promise at sentencing.

8.  A breach of a plea agreement by the government may constitute a due process violation and therefore be advanced in a § 2255 motion. See Elzy v. United States, 205 F.3d 882, 884 (6th Cir. 2000). Failure to raise such a claim, however, at

3

sentencing or on direct appeal results in procedural default unless the petitioner can establish cause and prejudice for such failure. Id.

9. In this case, the petitioner failed to raise this claim at sentencing or on direct appeal, and he has likewise failed to establish cause and prejudice for such failure.

10. Putting aside the issue of procedural default, it is well settled that the government has discretion whether to file a motion for downward departure. See Wade v. United States, 504 U.S. 181, 185 (1992). "In the absence of a plea agreement, it is the role of the prosecutor to assess the value of any assistance provided by the defendant, and any downward departure for substantial assistance is contingent upon a motion by the prosecution." United States v. Lezine, 165 F.3d 895, 900-01 (7th Cir. 1999). "Thus, in the absence of an unconstitutional motive, 'a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.'" Id. (quoting Wade, 504 U.S. at 186).

11. In this case, there was no plea agreement between the petitioner and the government in which the government promised a downward departure. Although the petitioner makes allegations about what his attorney told him, those allegations are not supported, and the petitioner has presented no evidence of a promise by the government. Moreover, at no time during the petitioner's sentencing did the government promise a departure. Although the government may have indicated that it

4

would <u>consider</u> whether to file a motion, consideration is a far different thing than a promise. Accordingly, the petitioner's claim is without merit.

WHEREFORE, the United States of America respectfully requests that the petitioner's motion be denied.

Respectfully submitted this 4th day of October 2004.

                JAN PAUL MILLER
                UNITED STATES ATTORNEY

BY:   s/Timothy A. Bass
       TIMOTHY A. BASS
       United States Attorney
       201 S. Vine St., Suite 226
       Urbana, IL 61802
       Phone: 217/373-5875
       Fax: 217/373-5891
       tim.bass@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on the 4th day of October 2004, I electronically filed the Government's Response to Petitioner's Motion Under 28 U.S.C. §2255 with the Clerk of Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Deonte Jefferson
Reg. No. 13973-026
Rochester Federal Medical Center
P. O. Box 4000
Rochester, MN 55903

      s/Timothy A. Bass
      TIMOTHY A. BASS
      United States Attorney
      201 S. Vine Street, Suite 226
      Urbana, Illinois 61802
      Phone: 217/373-5875
      Fax: 217/373-5891
      tim.bass@usdoj.gov