E-FILED
Tuesday, 19 October, 2004 08:33:19 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DEONTE JEFFERSON,<br>    Petitioner, | ] <br> ] | Case No. 04-2164 |
|             vs. | ]<br>] | Petitioner's Traverse |
| UNITED STATES OF AMERICA,<br>    Respondent. | ]<br>]<br>] | |

Comes Now, Deonte Jefferson, without the aid of counsel to request the Court order an evidentiary hearing to resolve the contested issues of genuine material fact which are apparant from the Government's response. Petitioner offers the following suggestions:

1) The Government has alleged facts that are fatal to Petitioner's requested relief, but those allegations are unsupported by the record and the Government has completely failed in it duty to present any affidavits in opposition to Petitioner's two affidavits filed in this matter. Only an evidentiary hearing will allow the Court to determine whether the Government has breached its plea by refusing to file a promised motion to depart. The Government misleads the Court when it proclaims it has unfettered discretion to file a motion(See G.R. p. 4) when in fact the Court is permitted to review the Government's breach of plea for "bad faith" on the part of the government. See US v. Pipes, 125 F3d 638(8th 1997)(remanded for evidentiary hearing to determine whether the government acted irrationally or in bad faith when it refused to move to reduce sentence as promised); US v. Leonard, 50 F3d 1152(2nd 1995)(same) and US v. Johnson, 33 F3d 8(5th 1994) (district court required to make an independant evaluation before accepting as truth, the government's version of defendant's assistance).

1

2) Very important to this Court's review is the case of US v. Harris, 188 FS2d 294, 300(WDNY 2001). The case facts as presented by Petitioner and his girlfriend who was used by the government "for petitioner's benefit", are exactly on point. In the Harris case, thhe Judge determined that the government acted in bad faith and ultimately reduced the sentence without any official motion filed. The Court stated:

> "For several reasons, on this particular case, I believe the Government acted in bad faith in refusing to file the requisite motion for departure. I believe the fact demonstrate that Harris did cooperate consistent with the terms of the Agreement. The facts also demostrate that the government ignored his cooperation in a manner that suggested the government had no real interests in Harris' cooperation. The government's lack of action, virtually ensured Harris' effort would fail.
>
> "Because I find the Government breached the Agreement, the remedy is to compel specific performance. In this case specific performance is the filing of a motion for departure"

3) The government wrongful asserts that Petitioner's claim is unsupported(G.R. ¶7, 11). Nothing could be farther from the truth. Petitioner has filed two specific affidavits that are not contested by the Government. It is inconceivable to think that Petitioner is required to obtain an affidavit from his pervious attorney, but the fact that the government could not force her to provide them with an affidavit requires an evidentiary hearing, especially inlight of the government admitting promises were made(GR ¶11). Bad faith can be evinced by the Government now hiding behind the fact that "there was no plea agreement", but the court cannot think that petitioner and his girlfreind cooperated with the FBI and DEA for nothing? Only an evidentiary can properly resolve this contested issue.

2

4) Because a conflict of interests exists with Petitoiner and his previous attorney, the Court should appoint a new attorney to represent Petitioner in this very serious matter. The witness list for petitoner would be:

-Tiffany Hurst(attorney who neogoiated cooperation contract)
-Latoya R. Sanford (girlfriend who was enlisted to assist be DEA)
-Special Investigator Timothy Trebil Ste 107 Minneapolis MN
-FBI Agent Espinoza (employed Latoya )
-Michael Butler (Stepfather witness to contract via Ms. Hurst)
- Agent Rutledge (debriefed me on Ms. Hurst Instructions)

The above persons were direct witnesses to Petitioner's continued and truthful cooperation. The government carefully fails to deny that Petitoner did not assist but merely claims it has decided not to file. Such an arbitrary decision is clearly bad faith and cannot be tied to a legtimate government interests. Only an evidenitary hearing will permit a full and fair review of the Government rationale in not reducing the sentence as promised.

5) Petitoner is a very young man and it defies reason to begin to think or believe that he risked his life to provide assitance to the government with no promise for a reduction and an evidentiary hearing will definately compel honesty to enter these proceedings.

WHEREFORE Deonte Jefferson, prays the Court will determine that he has overcome the intial burden, via two affidavits, to warrant a evidentiary hearing to evaluate if the government has breach the plea.

Signed: *Deonte Jefferson* 10-13-04
Deonte Jefferson     date
POB 4000   FMC
Rochester   MN   55903

CERTIFICATE OF SERVICE
I, cetify that a true and correct copy of this motion was mailed to US Attorney via epaid postage by depositing in US mail under penalty of perjury.

3