E-FILED
Tuesday, 26 October, 2004  03:52:29 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| **DEONTE JEFFERSON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 04-2164 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER

On August 20, 2004, Petitioner Deonte Jefferson filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) and an Affidavit in Support (#2). Jefferson has also filed a Motion for Appointment of Counsel (#4) and a Motion for Evidentiary Hearing (#7). For the following reasons, Jefferson's motions are DENIED.

## BACKGROUND

Jefferson was charged by indictment with distribution of 5 or more grams of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). Jefferson pleaded guilty to the charge. No written plea agreement was entered between Jefferson and the Government. On August 25, 2003, this court sentenced Jefferson to term of 262 months' imprisonment. Jefferson never appealed his conviction or sentence.

In his § 2255 motion, Jefferson asserts that the Government breached its plea agreement with him by failing to file a motion for downward departure pursuant to United States Sentencing Guideline §5K1.1. Specifically, Jefferson asserts in his affidavit that his counsel, Assistant Public Defendader Tiffani Johnson, told Jefferson that the prosecuting attorney promised to reduce his sentence by twenty to thirty percent if Jefferson cooperated with Agent Rutledge of Task Force X. Jefferson indicates that his girlfriend also met

with Agent Don Espinoza of the Federal Bureau of Investigations[1] and provided assistance for the purpose of benefitting Jefferson. Jefferson further indicates that he provided substantial assistance through the Minnesota Public Defender's Office, with the approval of Espinoza.

In its response, the Government indicates that it may have advised the court at the time of sentencing that Jefferson agreed to cooperate but that such cooperation was not considered at that time to be of substantial assistance as to warrant a downward departure pursuant to U.S.S.G. § 5K1.1. The Government further states that it may have informed the court that it may consider in the future whether a downward departure was warranted pursuant to Federal Rule of Criminal Procedure 35. However, the Government indicates that it never represented that it promised Jefferson that a downward departure motion would be made.

## ANALYSIS

Section 2255 allows a court to vacate a conviction or sentence if the court determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. Accordingly, relief under § 2255 is for extraordinary circumstances, intended only to correct errors that are "fundamental" in nature. Waletzki v. Keohane, 13 F.3d 1079, 1081 (7th Cir. 1994).

---

[1] Jefferson's affidavit filed with his § 2255 motion indicates that Don Espinoza is an agent for the Federal Bureau of Investigations. However, this court notes that Don Espinoza is an investigator for the United States Federal Defender's Office rather than an agent for the Federal Bureau of Investigations.

Initially, this court notes that Jefferson has filed both a motion for appointment of counsel (#4)[2] and a motion for evidentiary hearing (#7). Appointment of counsel in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary of circumstances. Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997). See also 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interest of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."). In the instant case, the issues raised in Jefferson's petition do not require complex legal research and the pleadings filed by Jefferson have been competently written and argued to the extent that suggests he is capable of presenting his own case. While an exception is created where an evidentiary hearing is required, this court finds that no evidentiary hearing is required in this matter. An evidentiary hearing is required on a § 2255 motion where the petition is accompanied by a detailed and specific affidavit which shows that the petitioner has actual proof of allegations going beyond mere unsupported allegations. Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996). As discussed below, Jefferson would only be entitled to relief in this matter if the Government failed to file a motion for downward departure based upon an unconstitutional motive, which Jefferson fails to allege in his petition. Accordingly, Jefferson's motion for appointment of counsel and motion for evidentiary hearing are denied.

"It is well-settled that in the absence of a plea agreement, the Government has broad discretion to withhold a section 5K1.1 motion." United States v. Lezine, 166 F.3d 895, 900 (7th Cir. 1999). Where there is no plea agreement, as in the instant case, it is the role of prosecutor to assess the value of any assistance

---

[2] The motion filed by Jefferson for appointment of counsel is captioned motion to amend and also appears to raise an ineffective assistance of counsel claim because his counsel "failed in her duty of loyalty and commitment to do all possible to help reduce the sentence of petitioner." To the extent this document amends his earlier petition to raise an ineffective assistance of counsel claim, this court finds the argument without merit. As discussed below, the decision to file a motion for downward departure based upon substantial assistance is contingent upon a motion from the Government and will not entitle Jefferson to habeas relief unless an unconstitutional motive underlies the Government's decision not to file the motion. No allegation of unconstitutional motive is made in this matter.

provided by the defendant, and any downward departure for substantial assistance is contingent upon a motion from the prosecution. Lezine, 166 F.3d at 900. "Thus, in the absence of an unconstitutional motive, 'a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.'" Lezine, 166 F.3d at 890, quoting Wade v. United States, 504 U.S. 181, 186 (1992). Such an unconstitutional motive would consist of, for example, failing to file a substantial assistance motion based upon the defendant's race or religion. Wade, 504 U.S. at 186. In the instant case, Jefferson has made no allegation much less claimed to have evidence tending to show that the Government refused to file a downward departure motion for suspect reasons. Accordingly, Jefferson's Motion to Vacate, Set Aside, or Correct Sentence (#1) is DENIED.[3]

IT IS THEREFORE ORDERED:

    (1) Jefferson's Motion for Appointment of Counsel (#4) is DENIED.

    (2) Jefferson's Motion for Evidentiary Hearing (#7) is DENIED.

    (3) Jefferson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

    (4) This case is terminated.

ENTERED this 22nd day of October, 2004

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE

---

[3] In his petition, Jefferson also seeks transcripts of the plea hearing and sentencing. Once a § 2255 petition is filed, 28 U.S.C. § 753(f) provides the funds for a transcript if the suit or appeal is not frivolous and the transcript is needed to decide the issue presented by the suit. This court finds that no transcript is needed to decide the issue presented in the instant matter. Therefore, Jefferson's request for transcripts is denied.